## LUSK, Appellant, v. LUSK, Respondent.

28   91|
76a 399|

1. It does not follow as a matter of course that the party prevailing in a suit for a divorce shall have the care and custody of the children ; the court may, in its discretion, if the good of the children require it, grant the care and custody of them to the other parent.

*Appeal from Laclede Circuit Court.*

This was a suit for divorce by Amanda J. Lusk against Alfred T. Lusk. It appeared in evidence that the parties were married in the year 1847 ; that in the year 1850 the defendant left for California intending to return in a year and a half or two years; that he left behind his wife and two children ; that he remained away until the year 1857 ; that in the year 1855, his wife, supposing him to be dead, having received a letter in the year 1854 from California stating the fact of his death, married one George M. Winton ; that upon the return of the defendant, the plaintiff and said Winton ceased cohabiting. The defendant filed a cross-bill for a divorce, alleging adultery of his wife with said Winton. The court granted a divorce to the defendant, and gave him the care and custody of the children.

*Wright*, for appellant.

I. The court erred in refusing the instructions asked by the plaintiff and also in declaring the law in favor of the defendant. The finding should have been in favor of plaintiff. The view which the court below took respecting the wilful absence of the defendant was erroneous. Defendant by his wilful absence, without reasonable cause, for the space of two

years, forfeited his marital rights, and plaintiff became entitled to a divorce. It is not pretended that she had forfeited that right either by condonation or connivance, and it is submitted whether her marriage with Winton, under the honest conviction that her husband was dead, would authorize the court to withhold from her the right to a divorce already acquired. If there was any previous doubt existing on this point, the second section of the act of November 23, 1857, (Sess. Acts, 1857, Adj. Sess. p. 173,) disperses such doubt, by declaring that such subsequent marriage shall not be considered as a reason why she shall not be divorced. It can not be said that the second section of the act is unconstitutional, for it applies alone to the remedy and takes away no existing right. This is a remedial statute which may be of a retrospective nature when they only go to confirm rights already existing, and a furtherance of the remedy by curing defects or adding to the means of enforcing existing rights. (1 Kent's Comm. 502; Goshen v. Stonington, 4 Conn. 209.)

II. The care and custody of the children should have been given to plaintiff.

*Freeman*, for respondent.

I. The court did right in divorcing defendant from plaintiff. The plaintiff had, in contemplation of law, committed the crime of adultery, and the supposed marriage with George Winton can not relieve her; neither can the act of November 23, 1837, release her. That act is unconstitutional and void. (State v. Sloss, 291.) The court properly granted the care and custody of the children to the father. The father while living is the proper one, as a general thing, to have the care of the children even if the wife was not otherwise encumbered with another marriage.

RICHARDSON, Judge, delivered the opinion of the court.

The judgment of divorce rendered on the defendant's cross-bill expressly removed the restriction on the right of the plaintiff to marry again, and as she has really secured

all that she asked, it is no longer a practical question whether she was entitled to a judgment in her favor, and it is therefore unnecessary for us to consider it. We think, however, that the judgment should be modified so as to give her the care and custody of the children.

As a general proposition, the father is the guardian of his children, and entitled against all the world to their custody during their minority. But this is not an absolute right under all circumstances, and it is controlled in the sound discretion of the courts in reference to the best interests of the children. Our statute regulating the subject of divorce provides that the court shall make such order touching the care, custody and maintenance of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be reasonable. If the party against whom the decree is rendered is unfit to be trusted with the care and education of the children, they ought to be assigned to the custody of the other parent; but it does not follow as a matter of course, that the party prevailing in the suit shall have the care of the children. No absolute rule is laid down for determining which of the parties shall keep the children, but "the leading principle is to consult the good of the children rather than the gratification of the parents." (Bishop, Mar. & Divorce, § 636.)

It appears in this case that when the defendant went to California, where he remained more than seven years, the oldest child was about two years of age, and the other an infant, and that during all that time he rarely wrote a letter to his family, and never contributed any thing to their support. So long an absence would naturally to some extent alienate the children from him, and he would not perhaps feel so tender to them as if he had remained at home. It is shown, on the contrary, that during the defendant's absence the children were under the exclusive care of the plaintiff; that she provided for all their wants; watched faithfully over their education; was a kind and affectionate mother, and that they were in all respects well taken care of.

7—VOL. XXVIII.

They would naturally cling to her, as she would to them, and it would be unkind to them to take them from her. There is not a breath of suspicion against her character, and nothing is disclosed by the evidence to justify the inference that she is not a proper person to protect their health, to provide for their comfort, to guard their morals and direct their education. Their happiness requires that they should be reared up together, and it would be cruel to separate them; and, considering their tender age, no one so well as their mother can give them that kind attention and assistance which they will daily need. The defendant of course can visit them and they may visit him, and as the separation is believed to be necessary for their good and not on account of any distrust of his parental regard for them, he will no doubt find it to be his pleasure, as it is his duty, to cultivate their affection for him and to contribute to their maintenance as he may be able and their necessities may require.

The judgment will be reversed and modified in conformity to this opinion; Judge Scott concurring. Judge Napton absent.