**Edith Fern CARRELL, Plaintiff-Appellant,**

**v.**

**Orville Lee CARRELL, Defendant-Respondent.**

**No. KCD 26577.**

Missouri Court of Appeals, Kansas City District.

Dec. 3, 1973.

Robert E. Stewart, Philip C. Ehli, Kansas City, for plaintiff-appellant.

Harold A. Kyser, Belisle, McNabb & Kyser, Butler, for defendant-respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

The parties to this case were divorced in 1967, pursuant to a decree which awarded the plaintiff-wife alimony of $125.00 per month. No payment of alimony was paid by the defendant nor was any attempt made to collect by the plaintiff until she caused execution to issue on August 25, 1972. In October, 1972 a settlement of back alimony was made, under which plaintiff received a net amount of $1,500 after fees to her attorney in an equal sum.

Shortly after that settlement, defendant filed a motion to modify the divorce decree in which he prayed the court "to vacate and set aside the order awarding alimony or in the alternative to reduce the amount of alimony awarded". Plaintiff thereupon filed her motion for attorney's fees and a counter motion for an increase in alimony.

At the hearing held on these cross motions, evidence was introduced pertaining to the financial arrangements which had been agreed upon by the parties at the time of divorce and with respect to developments which had occurred during the intervening five years. In connection with the divorce, the defendant had agreed to convey four separate pieces of real estate to the plaintiff. All of said tracts were at that time subject to certain bank indebtedness incurred by a son-in-law George Simpson. In order to avoid an execution sale of those properties by the bank, the parties conveyed all tracts to Simpson, under an understanding that they would be used toward the bank indebtedness. All the properties so transferred were sold and applied by Simpson toward reduction of the bank indebtedness, except for the residence in Butler, Missouri, which had been occupied by the parties as their home, and in which plaintiff lived for about one year after the divorce. After that year of living alone, plaintiff moved from her own home to that of another married daughter, Lois Gilkey, where she pays no expenses.

Thereafter, a discussion occurred between Simpson, the Gilkeys and plaintiff concerning the home standing in Simpson's name. Simpson indicated that he and his wife had already received their full share of family money by reason of the sale of the other properties, the proceeds of which had been applied against his indebtedness, and he suggested that the house which was the only remaining piece of property be

transferred to Mr. and Mrs. Gilkey as their "inheritance". This arrangement was agreed to by plaintiff, and accordingly Simpson did transfer the house without consideration to the Gilkeys, subject to a life estate reserved to plaintiff. The evidence is that this three-bedroom home was built in 1958, that it has a current fair market value of between $12,000 and $16,000, and that it is subject to a mortgage indebtedness of less than $2,000. Although the house is fully furnished and has a rental value of between $125 and $150 per month, it has remained vacant and unrented ever since plaintiff moved in with the Gilkeys. Plaintiff gave as her reason for failing to rent the house, that "we have had experience of renting houses for quite a while and some renters will just tear your house up, cost you more, and that has been my home and I have been there at different times that I come to stay. * * * I wanted it to stay in good shape."

Plaintiff, during the year preceding trial, had earned $1,225 as a baby sitter. In 1971, her income reported for federal income tax was $1,802.81. She has a cash bank account of $2,000. She is 62 years old, and there was evidence that she is in ill health and needs an operation.

Defendant is 56 years old, has remarried and now has twin children 17 months old born of the new marriage. His income in 1971 the last tax year reported preceding the hearing, was $7,653.75. However, because of attachment of his truck incident to plaintiff's execution against him and a subsequent wreck of the truck, he had no, or at best sharply reduced, net income for the six months preceding the hearing.

Upon the evidence thus summarized, the trial court entered a judgment modifying the divorce decree, holding that "justice requires the relief sought in Defendant's Motion to Modify be granted, and that the divorce decree entered therein be modified by vacating and eliminating the provision for alimony." The court further denied the application for attorney's fees pursuant to a finding that "plaintiff has the means to and should pay her said attorney from her own funds".

■ For her first point on this appeal, plaintiff's brief sets forth the following:

"Even though this was a court tried case, over the plaintiffs continuous objections, permitting the defendant to introduce all types or irrelevant, immaterial evidence and facts surrounding another trial which was final and absolute, which evidence was confusing and lead the tryers [sic] of the fact to make a determination of issues on immaterial and irrelevant facts, lengthens the court trial that lead to trial of issues the opposing party was not prepared to try and due to the passage of time witnesses had an inaccurate and confused recollection on which to give credible testimony was error."

This point violates Rule 84.04(d), V.A.M. R. in that it fails to specify any particular evidence or any particular ruling of the trial court and therefore presents nothing for consideration. Nibler v. Coltrane, 275 S.W.2d 270, 274 (Mo.1955); City of St. Louis v. Cook, 405 S.W.2d 545, 549 (Mo. App.1966); Beasley v. Hull, 400 S.W.2d 423, 425 (Mo.App.1966); Jennings v. Jennings, 379 S.W.2d 159, 163 (Mo.App.1964); State v. Warner, 361 S.W.2d 159, 162 (Mo.App.1962); State v. Taylor, 293 S. W.2d 12, 19 (Mo.App.1956); Ensign v. Home for the Jewish Aged, 274 S.W.2d 502, 508 (Mo.App.1955).

■ Plaintiff's second point on appeal reads as follows:

"Although the court of appeals will give due difference [sic] to the opportunity of the trial judge to pass on the credibility of the witness, the court of appeals will not hesitate to set aside a judgment that is clearly erroneous and direct a proper judgment to be answered." [sic]

This abstract statement of the law also violates Rule 84.04(d). Here as in Crimi v. Crimi, 479 S.W.2d 195, 196 (Mo.App.1972) this "blatant and obvious violation of the rule" preserved nothing for review.

■ Plaintiff's third point is that the court below erred in refusing to allow attorney's fees at the trial level and also in denying application for fees and expenses for this appeal. If a wife or former wife has sufficient means of her own there is no reason to require her husband or former husband to finance her, and she has the burden of proving that she is unable to meet the expense of litigation. Mince v. Mince, 481 S.W.2d 610, 612 (Mo.App. 1972); Carr v. Carr, 480 S.W.2d 317, 320 (Mo.App.1972). Under the evidence in this case, it cannot be said that the trial court abused its discretion in finding that plaintiff had failed to carry that burden of proof.

■ Plaintiff's fourth point is that the court below erred in refusing her application to proceed in forma pauperis. In order to be entitled to this relief under Rule 77.04, plaintiff must prove that she is indigent. She had made no such showing under the evidence in this record. Absent such showing, there was no abuse of discretion in denying her motion. Jackson v. Hartford Acc. & Indem. Co., 484 S.W.2d 315 (Mo.1972).

■ Out of concern for this aging plaintiff, we will proceed to consider one further matter *sua sponte* under Rule 79.-04, which is mentioned in the argument portion of plaintiff's brief although not properly presented in the Points Relied On. The law in this State is settled that a divorce decree entered without making any mention of alimony cannot thereafter be amended or modified so as to provide an allowance of alimony. Smith v. Smith, 164 S.W.2d 921 (Mo.1942). Because of that rule, the question arises as to the result where the original decree provides for alimony, but thereafter that decree is modi- fied by "vacating and eliminating the provision for alimony". Does such a modification produce a result just the same as if no alimony had ever been awarded? If so, the result could be grossly unfair to this plaintiff and quite probably would produce a situation not contemplated by the trial judge.

No authority has been cited on this question by either of the parties, and independent research has disclosed only one case in point. That case, Christiano v. Christiano, 131 Conn. 589, 1 A.2d 779 (1945) holds that the result under these circumstances depends upon a construction of the modification order in light of the whole record before the trial court.

Reference to the record in the present case produces an unsatisfactory ambiguity. The defendant's motion was not simply for a reduction in alimony because of changed conditions, but he also set forth a claim that the court "vacate and set aside the order awarding alimony" because of alleged fraud on the part of the plaintiff. The order entered by the trial court does not state which of the two alternatives sought by the defendant was actually being sustained, the judgment reading only that "justice requires the relief sought in defendant's motion to modify be granted".

It might be inferred that the trial court intended to sustain only the request to reduce alimony because of changed conditions, on the bases that: (1) the trial court found that "there has been a substantial change of circumstances of both parties hereto since the rendition of the divorce"; and (2) there was no finding of fraud and the evidence would not have sustained such a finding. However, this inference would require indulging in a degree of speculation and is unnecessary because of the power of this court to modify the judgment under Rule 84.14.

■ Under the circumstances here, the judgment of the court below will be modified in the interest of clarity by adding a

new paragraph 5 as follows: "5. The court reserves jurisdiction to reinstate or otherwise modify the provision for alimony at such future time or times as circumstances may require."

The judgment as so modified is affirmed.

All concur.