**Donna A. TEPPER, Respondent,**

v.

**Arnold S. TEPPER, M.D., Appellant.**

**No. 54571.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 24, 1989.

Michael B. Stern, Clayton, for appellant.

Steve Vossmeyer, St. Louis, for respondent.

DOWD, Presiding Judge.

Husband appeals from an order pendente lite. We affirm in part, reverse in part and remand for a hearing.

Husband's first point on appeal states that the trial court erred in awarding wife $10,000 in attorney's fees on account and $5,000 in costs for expert witness's fees because there was no evidence in the record to support either award. We agree.

The only reference to attorney's fees and costs in the record is a request by wife of what she felt she needed to continue litigating the pending dissolution. This request is a mere conclusion on her part, not evidence. There was no evidence as to the hourly rate charged by her attorney, the amount of work done or the amount of work needed to be done. While it is true that a judge is an expert on attorney's fees, an award of attorney's fees and expert's costs must be supported by competent and substantial evidence. *Trapani v. Trapani*, 686 S.W.2d 877, 879 (Mo.App.1985). We therefore reverse and remand to the trial court to conduct a hearing to determine the award of attorney's fees and expert's costs based on the record made.

Husband's second point on appeal states that the trial court erred in ordering husband to pay ongoing expenses because

such an order is so indefinite as to render it void and unenforceable.

The order requires husband to pay, in addition to $2,000 per month maintenance and $2,200 per month child support,

> monthly mortgage payment on family home, taxes on same, all homeowners' insurance on same, all other real estate mortgage payments with insurance and taxes, and car insurance on 1981 Volvo, petitioners and the childrens [sic] medical hospitalization insurance expenses and all school payments for children.

Husband does not challenge the maintenance and child support portions of this order. Husband, however, argues with respect to the other payments ordered that he may be "subject to payments on multiple mortgage loans should [wife] further encumber any of their property, or purchase other real property" as he is ordered to pay "all other real estate mortgage payments." Also, husband argues that the order to pay medical insurance and school payments are uncertain in that the order does not specify how much insurance is necessary or which schools' tuition he must pay. We agree.

An order must be sufficiently certain without requiring external proof or another hearing to be enforceable, otherwise it will fall. *Pettigrew v. Pettigrew*, 619 S.W.2d 364, 365 (Mo.App.1981). As we find the challenged portion of the order is not sufficiently certain, we reverse and remand to the trial court to make more definite and certain.

Husband's final point on appeal states that the trial court erred in not setting aside its order after the court's impartiality was questioned. Husband argues that due to the fact that the trial judge had sat on an athletic association board with wife, the pendente lite decision was abridged by the appearance of impartiality and thus violated due process of law.

A review of the record reveals that the appearance of impartiality of the trial judge was not challenged until after the court rendered its decision. Any alleged impropriety was not raised in the motion for a new trial. A motion for a change of judge was filed and granted.

One who is a member of the judiciary is entitled to a presumption that he will not undertake to preside in a trial in which he cannot be impartial. *State v. Presley*, 694 S.W.2d 867, 869 (Mo.App.1985). The record does not cast a doubt upon this presumption. It appears that the judge was not aware of his membership on the same athletic board with wife until after the motion for change of judge was filed. Point denied.

The award of maintenance and child support is affirmed and cause remanded for hearing as to attorney's fees and expert's fees and to make more definite and certain the other miscellaneous payments required of the husband.

SIMON and HAMILTON, JJ., concur.