**In re the MARRIAGE OF Shelia June TRIMBLE and Guy Trimble**

**Shelia June TRIMBLE, Petitioner–Respondent,**

**v.**

**Guy TRIMBLE, Respondent–Appellant.**

No. 22243.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 20, 1998.

recite the disposition of the loss of consortium          claim.

Donald Rhodes, Bloomfield, for Appellant.

No Brief Filed for Respondent.

SHRUM, Presiding Judge.

This is a dissolution of marriage case in which Husband contends that the trial court erred when it awarded Wife maintenance for eighteen months and attorney fees. We agree. The trial court's finding that Wife "lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and is unable to adequately support herself through appropriate or current employment" is not supported by substantial evidence. Consequently, the judgment awarding Wife maintenance cannot

be affirmed. Likewise, there is insufficient substantial evidence to support the trial court's award of attorney fees. We reverse that part of the judgment awarding Wife maintenance and attorney fees.

Husband and Wife were married November 27, 1975, separated December 20, 1996, and their marriage was dissolved in March 1998. Children born of their marriage were emancipated at the time Wife filed her petition.

The evidence in this case is sparse, at best. There is no evidence regarding the respective parties' ages, health, education, or employment skills. The record does not contain an income and expense statement, a statement of property, or any other documentary evidence for either party. There is no evidence whatsoever regarding the value of the apportioned marital property or the amount of debt assigned to each party. Likewise, there is absolutely nothing in the record about non-marital property.

The record does reveal that, before separation, Wife lived in Portageville and worked "for a man that was contracted out to the [United States] post office." Nothing in the record indicates how much Wife earned in that employment. At the time of separation, Wife "had met somebody else," so she quit her job driving a mail truck and "moved to Poplar Bluff to get away from [Husband]." Wife returned to Portageville in March or April 1997, and went to work for Wal–Mart in Sikeston, Missouri. At the time of trial, Wife was working "part time" and earning $5.70 per hour. She offered no evidence as to either the number of hours she was working at Wal–Mart or the amount of her gross or net wages from that employment. When Wife was asked if "Wal–Mart [was her] only source of employment," she answered, "Yes." She also testified that her earnings at Wal–Mart did not "adequately and sufficiently support" her and that she could not pay her monthly bills "based on that income." Inexplicably, however, Wife offered no evidence of her monthly bills, either as to the type or amount. Likewise, Wife offered no evidence from which it could be found or inferred that her earnings at Wal–Mart were her only income.

Evidence concerning Husband's income is as follows. "He drives a U.S. Mail truck for Hartwig Transit and he part times for General Oil Company out of Sikeston, Missouri." When the parties separated, Husband "was grossing $724 a week" with Hartwig. His hourly rate was "like $19.10 per hour" but he generally got a raise of "$1 a year, per hour." On weekends, Husband hauled gas for General Oil where he was paid by the load. There is no evidence of either Husband's part-time employment earnings or his expenses.

With the record in this state, Wife asked the trial court to award her maintenance of $400 per month for 24 months. The trial court granted her non-modifiable maintenance of $350 per month for eighteen months. The trial court also awarded Wife $350 for attorney fees. This appeal followed.

In his first point, Husband asserts that the trial court committed reversible error in awarding Wife maintenance because she failed to adduce evidence at trial that she was unable to meet her needs or that Husband had sufficient income to both meet his needs and pay maintenance. Husband argues that because "Missouri law provides that maintenance may only be awarded if the receiving spouse is in need, the trial court's award of maintenance to [Wife] was not supported by substantial evidence, was arbitrary and capricious, and was an abuse of the court's discretion thereby requiring reversal."

■ Appellate review of a dissolution case is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *See Mistler v. Mistler*, 816 S.W.2d 241, 245 (Mo.App.1991). Thus, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32[1].

■ A trial court has broad discretion in determining the amount and duration of a maintenance award in a dissolution case. *Van Skike v. Van Skike*, 858 S.W.2d 779, 780[6] (Mo.App.1993). Accordingly, we will reverse an award of maintenance only for an

abuse of discretion. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953[32] (Mo.App.1993).

Section 452.335.1 [1] sets forth the two-part threshold test for an award of maintenance. The court must first consider whether the party requesting maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs. *Whitworth v. Whitworth,* 878 S.W.2d 479, 483[15] (Mo.App.1994). If the party requesting maintenance has insufficient property to meet his or her needs, then the court must determine whether the party's reasonable needs can be met through appropriate employment. *Id.*

It is well settled that under § 452.335.1 a party seeking maintenance must establish "need" before such an award can be made. *Chapman v. Chapman,* 871 S.W.2d 123, 126[15] (Mo.App.1994). Even under the broad discretion standard, a maintenance award must be "made within a reasonable tolerance of proof." *Id.* at 126.

Here, there is no evidence whatsoever regarding Wife's reasonable needs. At trial, Wife requested $400 per month maintenance, but she did not testify about or offer any evidence demonstrating how she had arrived at that figure. "A mere request for maintenance is insufficient to support a maintenance award." *Id.* at 126[16]. Furthermore, Wife's testimony that she could not satisfy her monthly bills out of her Wal–Mart earnings, standing alone, does not support an award of maintenance. "Maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment." *Whitworth,* 878 S.W.2d at 483[15]. Without a statement of property or other evidence regarding property held by Wife (marital and non-marital), no substantial evidence exists to support the necessary threshold finding that Wife could not meet her reasonable needs *through property.* Similarly, without an income and expense statement or other evidence from which the trial court could determine Wife's expenses and non-employment income, there exists no substantial evidence to support the court's finding that Wife "was unable to adequately support herself through appropriate or current employment." *Id.* Therefore, the trial court abused its discretion in awarding Wife maintenance. *See Chapman,* 871 S.W.2d at 126. Accordingly, we must reverse the trial court's award of maintenance.

In his second point, Husband charges that the award of attorney fees was erroneous because it, like the maintenance award, was unsupported by substantial evidence.

As a general rule, parties to a dissolution case are to pay their own attorney fees. *Mistler,* 816 S.W.2d at 256[17]. However, a court is permitted, though not required, to award attorney fees under § 452.355.1. *Id.* at 256. An award of attorney fees is sustainable where substantial evidence exists that one spouse has greater ability to pay, *Meservey v. Meservey,* 841 S.W.2d 240, 248[17] (Mo.App.1992), or the party seeking the award has financial need, *Siegenthaler v. Siegenthaler,* 761 S.W.2d 262, 267[14] (Mo.App.1988).

Whether to award attorney fees is within the discretion of the trial court. *Mehra v. Mehra,* 819 S.W.2d 351, 357[14] (Mo.banc 1991). "Only on a showing that the trial court abused its broad discretion in ordering, or refusing to order, one party to a dissolution to pay the attorney fees of the other party, will an appellate court overturn the trial court order." *Mistler,* 816 S.W.2d at 256[18]. To show an abuse of discretion by the trial court in its attorney fee award, the complaining party bears the burden of showing that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.* at 256[19].

Despite the foregoing rigid standards of review, Husband insists that the trial court erred in awarding Wife $350 for attorney fees because, based on the record, it is impossible to determine the financial strength or weakness of either party. We agree.

Section 452.355.1 empowers a trial court to award attorney fees only "after considering all relevant factors including the

---

1. All statute references are to Revised Statutes of Missouri, 1994.

financial resources of both parties." Exactly how all relevant factors balance will vary from case to case. *Nix v. Nix,* 862 S.W.2d 948, 952[14] (Mo.App.1993). However, a court *is always required to consider* the financial resources of both parties before deciding a request for attorney fees. *Id.* at 952[13]. *See also Darr v. Darr,* 950 S.W.2d 867 (Mo.App.1997). "[I]n the absence of evidence as to the parties' financial resources, an award of attorney fees cannot be supported." *Gentry v. Simmons,* 754 S.W.2d 579, 584 (Mo.App.1988).

In its entirety, Wife's evidence regarding attorney fees is as follows:

"Q. (TO WIFE) Are you—Also, based upon that employment at Wal–Mart, have you been or are you able to pay for your attorney's fees—

"A. No, sir.

"Q. —for prosecution of this action?

"A. No sir, I have not."

. . . .

"Q. We talked about your ability to pay your attorney fees and the cost of this action. Are you asking the Court to award you attorney's fees here today?

"A. Yes, sir, I am."

■■■■ Although Wife had the burden of proving her entitlement to an attorney fee award, *Carrell v. Carrell,* 503 S.W.2d 48, 51[4] (Mo.App.1973), the only evidence proffered regarding the party's financial resources was a stipulation regarding the division of marital assets and Wife's testimony about respective parties' employment incomes. As to the latter, it is certainly true that present earnings are among the relevant factors to be considered in awarding attorney fees. *Crews v. Crews,* 949 S.W.2d 659, 672[39] (Mo.App.1997). Moreover, the evidence in this case establishes great disparity between Husband's and Wife's income. However, proof of greater earning potential by one spouse is not sufficient, in itself, to support an award of attorney fees against that spouse. *Switzer v. Switzer,* 821 S.W.2d 125, 127[5] (Mo.App.1992), *overruled on other grounds by King v. King,* 865 S.W.2d 403 (1993). This logically follows because a court must know what debts each party owes and

what non-employment income each has before it can determine either need or ability to pay.

As to the stipulation concerning the division of marital property, it neither discloses the value of the marital assets being divided nor reflects the amount of debt assigned to each party. In approving the stipulation in this fashion, the trial court stated: "I don't think it's important for me to consider values of the marital property as long as you two have agreeably separated it and agreed upon a list that each will get." As to non-marital assets, the deficiency is even more glaring as there is *no* evidence concerning such property. Evidence on the existence or non-existence of non-marital assets and any income therefrom is essential to a proper consideration of the financial resources of both parties.

■■■ The only direct reference to attorney fees in the record is Wife's request for an amount she felt she needed based upon her earnings at Wal–Mart. Without more, such a request is merely a conclusion on her part, and does not constitute evidence. *Tepper v. Tepper,* 763 S.W.2d 726[2] (Mo.App. 1989). Although the judgment recites that the trial court considered the financial resources of Wife in awarding attorney fees, it is silent about whether it considered Husband's financial resources. Even if we presume that the trial court considered all existing evidence about the parties' financial resources, we cannot find that the award of attorney fees in this case was supported by competent and substantial evidence. *See Tepper,* 763 S.W.2d at 727[1]. Given the state of this record, the award of attorney fees is not supported by substantial evidence and amounts to an abuse of discretion. Husband's second point is granted.

We reverse that part of the judgment awarding Wife maintenance and attorney fees. We affirm the judgment in all other respects.

MONTGOMERY, J., concurs.

GARRISON, C.J., dissents in separate opinion.

GARRISON, Chief Judge, dissenting.

I respectfully dissent with reference to the issue concerning the award of attorney's fees. As indicated in the principal opinion, an award of attorney's fees is within the trial court's discretion, and to show an abuse of that discretion, the complaining party bears the burden of showing that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. Said another way, an award of attorney's fees should be affirmed unless it is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *Ritter v. Ritter*, 920 S.W.2d 151, 156 (Mo.App. W.D. 1996). While the financial resources of the parties must be considered in determining an award of attorney's fees, they are not the only, or the controlling, factor. *Plunkett v. Aubuchon*, 793 S.W.2d 554, 560 (Mo.App. E.D. 1990). Other relevant factors must be considered in awarding attorney's fees. *Id.* A trial court has the discretion to award attorney's fees to a spouse who has been awarded sufficient assets to cover those fees. *Halupa v. Halupa*, 943 S.W.2d 272, 278 (Mo. App. E.D. 1997). One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse. *Id.*

Pursuant to the standards set out above, and the record presented here, I do not believe that the award of attorney's fees was so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock a person's sense of justice. I would affirm that award. I concur, however, with the majority opinion with reference to the issue of maintenance.