**Nancy Lynn (Decker) HAGERMAN, Plaintiff–Respondent,**

v.

**Joseph Everett HAGERMAN, Defendant–Appellant.**

**No. 23939.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 27, 2002.

Stephen P. Carlton, Carthage, for Appellant.

1. References to statutes are to RSMo 2000

No appearance, for Respondent.

PARRISH, Judge.

Joseph Everett Hagerman (husband) appeals the part of a dissolution of marriage judgment that awarded Nancy Lynn Hagerman (wife) maintenance and attorney fees. The part of the judgment awarding maintenance is reversed. In all other respects the judgment is affirmed.

Wife brought the action for dissolution of marriage that produced this appeal. The trial court entered judgment dissolving the marriage, dividing marital property, and ordering husband to pay wife maintenance in the amount of $300 per month and $1,000 for attorney fees.

Husband's first point on appeal is directed to the award of maintenance. Husband contends the trial court erred in awarding maintenance because "wife did not present any evidence to support her statutory need for maintenance nor did she request maintenance in her testimony to the court nor did she present any evidence as to husband's ability to pay nor did she present any evidence as the party seeking maintenance that her reasonable needs could not be met by some combination of her income or property awarded to her." Husband further complains that the trial court erred by not stating in the judgment whether the maintenance was modifiable or non-modifiable.

Section 452.335.1[1] provides:

In a proceeding for ... dissolution of marriage ... the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

unless stated otherwise.

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

*In re Marriage of Trimble,* 978 S.W.2d 55 (Mo.App.1998), explains the requirements of § 452.335.1 [2]:

Section 452.335.1 sets forth the two-part threshold test for an award of maintenance. The court must first consider whether the party requesting maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs. *Whitworth v. Whitworth,* 878 S.W.2d 479, 483[15] (Mo.App.1994). If the party requesting maintenance has insufficient property to meet his or her needs, then the court must determine whether the party's reasonable needs can be met through appropriate employment. *Id.*

It is well settled that under § 452.335.1 a party seeking maintenance must establish "need" before such an award can be made. *Chapman v. Chapman,* 871 S.W.2d 123, 126[15] (Mo.App. 1994). Even under the broad discretion standard, a maintenance award must be "made within a reasonable tolerance of proof." *Id.* at 126.

*Id.* at 58 (footnote omitted).

■ If a spouse seeking maintenance meets the requirements of § 452.335.1, the amount of maintenance to be awarded must be determined based on all relevant factors. Factors to be considered include those specified in § 452.335.2. One of those factors is "[t]he comparative earning capacity of each spouse." § 452.335.2(3).

"An award of maintenance should not exceed the husband's capacity to provide." *Squires v. Squires,* 734 S.W.2d 613, 614 (Mo.App.1987). *See also Zlatic v. Zlatic,* 910 S.W.2d 818, 821 (Mo.App.1995).

■ The record on appeal supports husband's claim that wife failed to prove he had the capacity to pay maintenance. The evidence provided no information of husband's income and expenses at the time of trial or at any other time during the course of his and wife's marriage. The record is devoid of proof that husband has the capacity to pay maintenance. Thus, even if the record disclosed that wife met threshold requirements that demonstrated a need for maintenance, arguably, failure to demonstrate husband had the means to pay maintenance would warrant reversal.

The record is also lacking with respect to requirements imposed by § 452.335.1 for maintenance eligibility. The evidence at trial does not disclose wife could not meet her reasonable needs through income from reasonable employment. *See Trimble,* 978 S.W.2d at 58.

No income and expense statement was provided to the trial court; neither was there detailed testimony concerning wife's earnings history or her expenses. At the time of trial, wife had been separated from husband more than three years. During that time, she resided on an 18–acre tract of land in Cedar County on which the parties had a mobile home—marital property that the trial court awarded wife. She had completed a correspondence course for medical transcription. She had worked, and at the time of trial was working, at a training center for developmentally handicapped people. She earned $6.50 per hour at that job. She testified that

**2.** In *Trimble,* the reference to § 452.335.1 is to RSMo 1994. The 2000 revision of the statute is unchanged from the 1994 revision.

"[t]he last couple of months ha[d] been real limited because of them shifting hours around"; that she was then working 24 hours per week. Wife told the trial court that she also worked as a house cleaner; that she also did sewing and worked as a caregiver. Wife characterized the income she was capable of earning as "[a]nywhere from 50 to $100 a day, sometimes up to 140, $150 a day" for providing care to elderly people. She said she earned $10 an hour when she did house cleaning.

Wife provided no detailed information concerning specific expenses she incurred as daily living costs. The only information she provided was estimates of what she expected her expenses to be. She estimated her living expenses would be from $300 to $400 per month for taxes, insurance and upkeep on her residence; from $100 to $150 per month for groceries; from $100 to $200 for "transportation"; from $50 to $100 per month for clothing; from $75 to $100 per month for health care; from $175 to $200 per month for utilities; and $100 per month for entertainment. Her anticipated expenses ranged from $900 to $1,250 per month.

Wife's testimony concerning employment opportunities reveals she could earn sufficient income to meet her needs. Her ability to meet her needs is also supported by the limited financial history she disclosed with respect to the three years preceding the trial in this case. Although wife received little or no support during her three-year separation, she repaid various loans and debts. These included a debt for medical services. Wife testified she incurred a $15,000 medical expense that was not covered by insurance; that all that was left to pay on her medical expense was a payment owed a clinic of "less than $100." These amounts were paid

"from '96 or '97 through [the time of trial]."

Point I is well taken. Wife's evidence did not support a finding that she was unable to support herself through appropriate employment as required by § 452.335.1(2).[3] Furthermore, her evidence did not reveal husband had an earning capacity that would permit him to pay maintenance if wife were eligible to receive it.

The trial court abused its discretion in awarding maintenance. This court must, therefore, reverse that part of the dissolution judgment. *Trimble,* 978 S.W.2d at 58. By reason of the foregoing, husband's complaint that the judgment did not designate the maintenance as modifiable or non-modifiable is moot. Point I is granted.

Husband's second point asserts the trial court erred by awarding wife attorney fees in the amount of $1,000 because "there was no substantial evidence . . of wife's inability to pay her own attorney fees and for the further reason that there was no evidence presented concerning husband's ability to pay."

Section 452.355.1 provides that, "[u]nless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount ... for attorney's fees, . . . . "

*Tracy v. Tracy,* 961 S.W.2d 855 (Mo. App.1998), explains:

The trial court is vested with broad discretion in awarding attorney's fees and the award will be reversed only upon a finding of an abuse of discretion. [*Ha-*

---

**3.** Wife was not the custodian of a child that required her to forego employment. She and husband had three children, all of whom were emancipated.

*lupa v. Halupa,* 943 S.W.2d 272, 278 (Mo.App.1997).] A party's ability to pay his or her own attorney's fees is merely one of the relevant factors a court may consider under section 452.355.1. *Id.* Factors other than financial resources are to be considered, and how those factors balance will vary from case to case. *Id.* The trial court may also consider a spouse's conduct during the marriage in determining the payment of attorney's fees. *Id.*

*Id.* at 865.

 There was evidence that husband remained away from the parties' marital residence for substantial periods of time during the marriage without providing financial support to wife. There was evidence that during one or more of these occasions, husband attempted to marry one or more other women notwithstanding his marriage to wife. The trial court was entitled to consider husband's conduct in this regard. This court finds no abuse of discretion in the award of attorney fees in this case. Point II is denied. The part of the judgment awarding maintenance is reversed. In all other respects, the judgment is affirmed.

GARRISON, P.J., concurs.

RAHMEYER, J., concurs in result in separate opinion.

RAHMEYER, Judge, concurring.

I concur in the result reversing the maintenance award; however, giving due deference to the trial court's findings on credibility,[1] as we must, I believe wife's evidence does support the trial court's finding that wife was unable to support herself through appropriate employment due to wife's testimony regarding the availability of work. The problem with the

award is that there was virtually no evidence in the record reflecting husband's ability to pay maintenance. Although the docket sheet reflects the filing of an income and expense statement, the record does not reflect that any income and expense statements were admitted into evidence or considered by the trial court. Therefore, I am constrained to concur in reversing the trial court on the issue of maintenance.

---

1. *See L.R.M. v. R.K.M.,* 46 S.W.3d 24, 26 (Mo.App. E.D.2001).