Tina Marie HIHN, Respondent,

v.

Joseph Alexander HIHN, Appellant.

No. ED 89609.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 2007.

---

Nelson B. Rich, St. Louis, MO, for appellant.

Jody H. Wolff, Clayton, MO, for respondent.

NANNETTE A. BAKER, Judge.

## Introduction

Joseph Alexander Hihn ("Father") appeals a judgment from the Circuit Court of St. Louis County awarding Tina Marie Hihn ("Mother") $1,600.00 in attorney's fees on appeal. We reverse.

## Factual and Procedural Background [1]

Mother and Father were married and had two children before their marriage

---

1. We recite only the facts necessary to this appeal.

was dissolved on November 14, 2001. In the decree of dissolution, the trial court ordered Father: (1) to pay support for the two children in the amount of $700.00 per month; and, (2) in the event that child support was owed for only one child, to pay $400.00 per month. On July 27, 2006, Father filed a motion to quash a wage assignment that had been instituted against Father by the Division of Child Support Enforcement and requested the trial court to order Mother to reimburse Father for funds wrongfully collected under the wage assignment and to award Father reasonable attorney's fees.

On November 9, 2006, the trial court entered a judgment denying, *inter alia:* (1) Father's Motion for Summary Judgment; (2) Motion to Quash; (3) Motion Seeking the Payment of Funds Received; and (4) request for attorney's fees.[2] The trial court granted Mother $2,400.00 in attorney's fees.[3] Father appealed the foregoing judgment to this court on January 5, 2007.

As a result, Mother filed a Motion for Attorney's fees on Appeal on January 18, 2007, requesting an award of $7,000 in legal expenses on appeal. On April 12, 2007, the trial court, without any indication of a hearing, entered a judgment ordering Father to pay to Mother's attorneys, the sum of $1,600.00 as fees incurred on appeal. Father appealed.

### Standard of Review

Section 452.355.1 authorizes the trial court to award attorney's fees in a dissolution proceeding after considering all relevant factors. "The trial court has broad discretion to award attorney's fees in a dissolution proceeding, and an award of attorney's fees is presumed to be correct on appeal. We will only reverse an award of attorney's fees upon a showing of abuse of discretion. To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Goins v. Goins,* 224 S.W.3d 69, 72 (Mo.App. E.D.2007) (Citing *Abbott v. Perez,* 140 S.W.3d 283, 296 (Mo.App. E.D.2004)). "A party seeking attorney's fees on appeal must show the extent of the necessary services to be rendered by counsel, and the expenses related thereto, so that the trial court may make an award based on evidence of such services and expenses. This also gives the appellate court evidence to examine, in connection with other relevant circumstances, in gauging the propriety of the trial court's discretionary actions." *Travis v. Travis,* 174 S.W.3d 67, 72 (Mo.App. W.D.2005) (Citing *Trapani v. Trapani,* 686 S.W.2d 877, 879 (Mo.App. E.D.1985)). An award of attorney's fees will be affirmed on appeal unless unsupported by substantial evidence or against the weight of the evidence. *In re Marriage of Crow,* 103 S.W.3d 778, 783 (Mo. banc 2003) (Citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). "A court *is always required to consider* the financial resources of both parties before deciding a request for attorney fees." *Nix v. Nix,* 862 S.W.2d 948,

---

2. Though designated as motions, 2, 3, and 4 were actually the relief sought by Father in his motion to quash.

3. The entire trial court order reads: "Respondent's Motion for Summary Judgment called, heard and denied. Respondent's Motion to Quash is moot pursuant to the State's response to Respondent's Motion to Quash which states the wage withholding the State filed was dismissed as of September 26, 2006. Respondent's Motion to Quash, Motion Seeking the Payment of Funds Received pursuant to the state's wage withholding is denied. Respondent's request for attorney's fees is denied. Petitioner's Motion for Attorney's Fees is granted. Judgment shall enter in favor of Jody Wolff and Associates and against Joseph A. Hihn in the sum of $2,400.00."

952 (Mo.App. S.D.1993). See also *Darr v. Darr,* 950 S.W.2d 867 (Mo.App. E.D.1997). "[I]n the absence of evidence as to the parties' financial resources, an award of attorney fees cannot be supported." *Gentry v. Simmons,* 754 S.W.2d 579, 584 (Mo. App. W.D., 1988).

### Discussion

■ Father claims only one point on appeal. Father contends that the trial court failed to consider the parties' financial resources and to make a determination that attorney's fees were necessary or proper before awarding Mother $1,600.00 in attorney's fees on appeal. Mother responds that the trial court had before it, Father's appeal, the extent to which Mother would need legal services in relation to the appeal and the cost of such services.

A case that is analogous to the present case and is helpful to our disposition is *In re Marriage of Trimble,* 978 S.W.2d 55 (Mo.App. S.D.1998). In *Trimble,* a husband appealed the decision of a circuit court which granted his ex-wife, among other things, attorney's fees in an action of dissolution. *Id.* at 58. On appeal, the husband argued that the trial court erred in awarding his ex-wife attorney's fees because the record did not reveal the financial strengths or weaknesses of either party. *Id.* The Southern District agreed with the husband and reversed the decision of the trial court. *Id.* In doing so, the court observed that the wife had the burden of proving her entitlement to attorney's fees and that the existence or non-existence of any income is essential to a proper consideration of the financial resources of the parties. *Id.* at 59. Noting that the record was silent about whether the trial court considered the husband's financial resources, the court concluded that "given the state of the record, the award of attor-

ney's fees is not supported by substantial evidence and amounts to an abuse of discretion." *Id.*

In the present case, the record is devoid of the information actually considered by the trial court and the judgment is not supported by any articulable factual or legal basis. There is very little evidence to support the award of attorney's fees in this case. We have no evidence of Mother's financial resources although she had "the burden of proving her entitlement to an attorney fee award." *Carrell v. Carrell,* 503 S.W.2d 48, 51 (Mo.App. Kansas City, 1973). The record does not tell us whether Mother is working or not and what financial resources are available to her. There is no evidence as to whether Mother is capable of paying her own attorney's fees.[4] The only evidence presented by Mother was the extent to which she would need legal services on appeal and the cost of these services. Mother contends, in passing, that the trial court had before it Father's notice of appeal and that the trial court was capable of determining whether Father's appeal had merit. Without additional evidence, Mother's request for attorney's fees constitutes a mere conclusion and does not approach the substantial evidence required to sustain such an award. See *Tepper v. Tepper,* 763 S.W.2d 726 (Mo. App. E.D.1989).

■ It is worthy to note that the record shows Father is not currently employed and receives retirement and disability benefits as his only source of income. We also note that the record shows that Father has some money in a savings account. What the foregoing only shows is that Father has some resources available to him and that he might be better situated than Mother, financially, to pay attorney's fees. However, as we have previously noted, mere "proof of greater earning potential

---

4. The only financial information, in the record of the underlying appeal, regarding Mother was the financial statement she filed six years ago in the original dissolution action.

by one spouse is not sufficient, in itself, to support an award of attorney fees against that spouse." *Switzer v. Switzer,* 821 S.W.2d 125, 127 (Mo.App. E.D.1992), *overruled on other grounds by King v. King,* 865 S.W.2d 403 (Mo.App. E.D.1993). Additionally, we have not been presented with evidence of any unusual circumstances warranting departure from Missouri's adoption of the American rule requiring each litigant to bear their own expenses. See *Feinberg v. Adolph K. Feinberg Hotel Trust,* 922 S.W.2d 21, 27 (Mo.App. E.D.1996). We must conclude that, on the face of the record, the award in this case lacks any substantial evidence and thus amounts to an abuse of discretion by the trial court. The award is reversed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., Concur.