**Amy ANDREWS n/k/a Amy Coleman, Respondent,**

v.

**Louie S. ANDREWS, Appellant.**

**No. ED 94236.**

Missouri Court of Appeals, Eastern District, Division One.

April 19, 2011.

Rehearing Denied May 24, 2011.

Gary E. Brotherton, Columbia, MO, for appellant.

Amy Coleman, Wildwood, MO, pro se.

KENNETH M. ROMINES, J.

*Background and Procedural History*

Amy Andrews, n/k/a Amy Coleman (Coleman), and Louie S. Andrews (An-

drews) were granted a dissolution of marriage on 31 March 2004. There was one child born of the marriage, Jessica. The dissolution decree granted joint legal and physical custody of Jessica to Coleman and Andrews, and did not establish a formal custody schedule. In mid–2007, Coleman learned that Andrews intended to move to Wyoming. In response, she filed a motion to modify custody and support.

At the two day trial, the court heard evidence from both sides, including evidence regarding the parties' financial resources and Coleman's attorney and legal fees.[1] In an extensive judgment, the court awarded sole physical and legal custody to Coleman. Andrews was allowed visitation in accordance with an incorporated Parenting Plan and was ordered to pay child support. Additionally, Andrews was ordered to pay $35,000 for Coleman's attorney's fees and $3,312.50 for her legal fees. In this appeal, Andrews contests the court's grant of Coleman's attorney's and legal fees.

### Standard of Review

The trial court has broad discretion to award attorney's fees in a dissolution proceeding, and an award of attorney's fees is presumed to be correct on appeal. We will only reverse an award of attorney's fees upon a showing of abuse of discretion. To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Hihn v. Hihn,* 237 S.W.3d 607, 609 (Mo. App. E.D.2007) (internal citations omitted).

### Discussion

Andrews avers that the trial court erred in granting Coleman's attorney and legal fees for two reasons. First, Andrews claims that he should not have been ordered to pay his ex-wife's fees because she was capable of paying them herself. Second, Andrews claims the trial court improperly based its judgment, at least partly, on its finding that Andrews' actions unnecessarily prolonged the litigation.

■ While Missouri courts normally follow the "American Rule" regarding legal fees—that each party is responsible for his or her own costs Section 452.355[2] gives the court the discretion to order one party to contribute to the other party's fees. *Cohen v. Cohen,* 73 S.W.3d 39, 55 (Mo.App. W.D.2002) (internal citations omitted). Section 452.355.1 provides:

> Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name.

The court is always required to consider the financial resources of each party before deciding on a request for attorney's fees. *Hihn,* 237 S.W.3d at 609.

■ First, Andrews argues that he should not have been ordered to pay Coleman's fees because she had the ability to pay them herself. While the court must

---

1. The evidence regarding Coleman's attorney and legal fees was received without objection.

2. All statutory references are to RSMo (2008) unless otherwise indicated.

consider the financial resources of each party, "[a] spouse is not required to forego a claim for attorney's fees merely because assets on hand are available to make payment." *Probstein v. Probstein,* 767 S.W.2d 71, 74 (Mo.App. E.D.1989). As such, the trial court did not abuse its discretion by awarding Coleman attorney's fees simply because she may have had the funds available to pay the fees.

■ Second, Andrews argues that he should not have been ordered to pay Coleman's legal fees because it was Coleman, not he, that protracted the litigation. Andrews' contention that all delay in the case was attributable to Coleman is a misrepresentation of the facts. Coleman and Andrews each filed a motion for continuance during the course of litigation. Coleman's was based on her inability to find a psychiatrist to conduct the court-ordered mental health examinations that was covered by her insurance. Andrews' was based on the withdrawal of his first attorney. Andrews' first attorney was allowed to withdraw based on Andrews' refusal to pay his legal bills. It does not shock one's sense of justice that the court determined that Andrews' actions in delaying the trial were more blameworthy than Coleman's.

Judge Hood produced an extensive, thoughtful judgment in this case. It is apparent from the judgment that Judge Hood considered all the statutory factors. Considering the record as a whole, the court's order was within the limits of judicial discretion.

The judgment is AFFIRMED.

ROY L. RICHTER, C.J. and KELLY BRONIEC, SP.J., concur.