HOPKINSVILLE–CHRISTIAN COUNTY
PLANNING COMMISSION,
Appellant,

v.

CHRISTIAN COUNTY BOARD
OF EDUCATION, Appellee.

No. 94–CA–2802–MR.

Court of Appeals of Kentucky.

Aug. 4, 1995.

Stephen E. Underwood, Hopkinsville, for appellant.

John P. Kirkham, Hopkinsville, for appellee.

Before EMBERTON, HUDDLESTON and MILLER, Judges.

MILLER, Judge:

Hopkinsville–Christian County Planning Commission (planning commission) brings this appeal from an August 23, 1994, declaratory judgment entered in the Christian Circuit Court. The complaint filed by the planning commission prayed a declaration of rights without consequential relief. Ky.Rev. Stat. (KRS) 418.040. We remand with directions.

This matter began in 1992 when softball field facilities suitable for interscholastic and league competition were established on property belonging to Hopkinsville High School. Apparently the facilities were to accommodate both night and day games. A group of area residents complained to the Hopkinsville City Council. The city council, apparently noting that the facilities had not been reviewed by the planning commission, referred the matter to that body. The planning commission thereupon called the Christian County Board of Education's (school board) attention to the requirement of KRS 100.324(4). The school board, however, indicated that it might voluntarily comply with a recommendation of the planning commission, but that by reason of KRS 100.361(2) it was not bound to do so. Hence, this litigation commenced April 30, 1992.

The issue presented is whether the school board must obtain approval of the local planning commission before establishing

an athletic field upon school property.[1] The matter requires construction of conflicting statutes.

KRS 100.324(4) provides:

Any proposal for acquisition or disposition of land for *public facilities,* or changes in the character, location or extent of structures or land for *public facilities,* excluding state and federal highways and public utilities and common carriers by rail mentioned in this section, shall be referred to the commission to be reviewed in light of its agreement with the comprehensive plan, and the commission shall, within sixty (60) days from the date of its receipt, review the project and advise the referring body whether the project is in accordance with the comprehensive plan. If it disapproves of the project, it shall state the reasons for disapproval in writing and make suggestions for changes which will, in its opinion, better accomplish the objectives of the comprehensive plan. No permit required for construction or occupancy of such public facilities shall be issued until the expiration of the sixty (60) day period or until the planning commission issues its report, whichever occurs first. (Emphases added.)

KRS 100.361(2) provides:

*Nothing in this chapter shall impair the sovereignty of the Commonwealth of Kentucky over its political subdivisions. Any proposal affecting land use by any department, commission, board, authority, agency, or instrumentality of state government shall not require approval of the local planning unit.* However, adequate information concerning the proposals shall be furnished to the planning commission by the department, commission, board, authority, agency, or instrumentality of state government. If the state proposes to acquire, construct, alter, or lease any land or structure to be used as a penal institution or correctional facility, and the proposed use is inconsistent with or contrary to local planning regulations or the comprehensive plan for the area, the secretary of the Justice Cabinet, or his designee, shall notify, in accordance with KRS 424.180, the planning commission, the local governing body, who has jurisdiction over the area involved, and the general public of the state's proposals for the area, and he shall hold a public hearing on the proposals within the area at least ninety (90) days prior to commencing the acquisition, construction, alteration, or leasing. A final report on the public hearing shall be submitted to the Governor and members of the General Assembly within twenty-five (25) days of the public hearing, and prior to commencing any construction, alteration, acquisition, or leasing of such property or facilities. (Emphasis added.)

The school board successfully argued in circuit court that it was not bound by the provisions of KRS 100.324(4). On this appeal the planning commission insists that KRS 100.324(4) takes precedence over KRS 100.361(2).

 It is an established rule of statutory construction that seemingly conflicting statutes are to be construed so as to give meaning to both. *See Ledford v. Faulkner,* Ky., 661 S.W.2d 475 (1983), and *City of Bowling Green v. Board of Educ.,* Ky., 443 S.W.2d 243 (1969). It is further an established rule of statutory construction that statutes in derogation of state sovereignty will be strictly construed in favor of the state. *See Lexington–Fayette Urban County Board of Health v. Board of Trustees of the University of Kentucky,* Ky., 879 S.W.2d 485 (1994). Recognizing these rules we construe the two statutes as mandating that the school board furnish adequate information concerning proposed public facilities to the planning commission for its review and opinion. Following the clear wording of KRS 100.361(2), we are not inclined to believe the legislature in enacting KRS 100.324(4) intended to mandate that a school board—an obvious agency of the state—be required to obtain approval of a local planning unit before erecting a public facility. In the final analysis, the school board may disregard the opinion of

---

1. An athletic field upon school property is a public facility within the context of Ky.Rev.Stat. 100.111(19).

the planning commission. We, therefore, harmonize these statutes by construing them as requiring "mandatory review" by the planning commission (KRS 100.324(4)), but "voluntary compliance" by the school board. KRS 100.361(2). This construction renders neither statute illusory. Informed of the local planning unit's opinion and the state agency's response thereto, the citizenry may appropriately react. Such is the rationale underlying the two enactments.

For the foregoing reasons, this cause is remanded with directions to enter declaratory judgment consistent with this opinion.

All concur.