Lawrence **ELERY**, Appellant,

v.

Juanita **MARTIN**, Appellee.

No. 1998–CA–000878–MR.

Court of Appeals of Kentucky.

Oct. 1, 1999.

R. Dale Warren, Louisville, for appellant.

Katie Marie Brophy, Louisville, for appellee.

Before: GUDGEL, Chief Judge; HUDDLESTON and KNOPF, Judges.

## OPINION AND ORDER

Lawrence Elery appeals from a Jefferson Family Court order entered on January 16, 1998, which awarded Juanita Martin child support arrearages and pregnancy and confinement expenses pursuant to Kentucky Revised Statute (KRS) 406.011.

On January 7, 1996, Martin gave birth out of wedlock to a baby girl. On February 20, 1997, Martin filed a verified petition in Jefferson Family Court against Elery for sole custody of their daughter, adjudication of paternity, child support, pregnancy and confinement expenses and attorney fees. In his response to the petition, Elery denied paternity of the child and requested a blood test. In April 1997, Martin filed a motion to adjudicate paternity. To support her motion, Martin presented a declaration of paternity signed by Elery and the child's birth certificate with Elery named as the father. On August 22, 1997, Elery was adjudicated to be the father of the child.

In November 1997, the family court held a hearing on the issues of child support arrearages, pregnancy and confinement expenses and attorney fees. On January 16, 1998, the family court awarded Martin $1,140.75 for child support arrearages, $2,612.50 for lost leave benefits and $520.00 for medical expenses. Elery then moved to alter, amend or vacate the judgment. After the family court denied Elery's motion, he appealed to this Court.

The first issue we must address is whether this Court has jurisdiction to adjudicate Elery's appeal, which was filed as a matter of right pursuant to Section 115 of the Kentucky Constitution and KRS 22A.020. Section 115 of the Kentucky Constitution, provides, in pertinent part, that "[i]n all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court...." There is no question that Elery is guaranteed by our constitution at least one appeal to a court other than the Jefferson Family Court. What we have raised, *sua sponte*, is the issue of whether Elery properly exercised his constitutional right to an appeal by proceeding directly to the Court of Appeals from a judgment rendered by the Jefferson Family Court.

The Jefferson Family Court Project was established in the early 1990's after a Task Force, appointed by the Legislative Research Commission, recommended to the General Assembly and the Kentucky Supreme Court that a pilot project be undertaken in order to examine the feasibility of a Family Court or division of court. *Kuprion v. Fitzgerald,* Ky., 888 S.W.2d 679, 681 (1994). Operation of the Jefferson Family Court Project precipitated the adoption of the Uniform Rules of Practice of the Jefferson Family Court (JFRP), pursuant to the Kentucky Supreme Court's authority to promulgate rules of practice. Ky. Const. § 116. Our query focuses on the two rules of practice that relate to appeals, JFRP 108 and 109.

JFRP 108 APPEAL FROM CIRCUIT COURT MATTERS

In Family Court matters over which Circuit Court would otherwise have jurisdiction, any appeal shall proceed by the Rules of Civil Procedure to the Court of Appeals, except that all appeals from Domestic Violence or Emergency Protective Orders shall proceed to Circuit Court.

JFRP 109 APPEAL FROM DISTRICT COURT MATTERS

(A) In Domestic Violence cases and other Family Court matters over which

District Court would otherwise have jurisdiction, any appeal shall proceed by the Rules of Civil Procedure (or Criminal Procedure in the event of a delinquency or status action) to Circuit Court.

(B) In the event of such an appeal, the appeal will be assigned randomly to one of the thirteen divisions of Circuit Court that are not involved in the Family Court Project.

Applying the rules to the case *sub judice*, we must (1) identify the family matter or matters Elery has appealed and (2) determine whether the circuit court or district court would otherwise have subject matter jurisdiction.

We begin by analyzing the petition filed by Martin in family court. Martin's verified petition asked the family court for sole custody, adjudication of paternity, award of child support, award of pregnancy and confinement expenses, attorney's fees and costs. Elery characterizes this action as a custody action which would have otherwise been filed in circuit court and argues that the case was properly appealed to this Court as a matter of right pursuant to JFRP 108. Elery's argument fails for the following reasons.

■ First, Elery mistakenly relies on *Sumner v. Roark*, Ky.App., 836 S.W.2d 434 (1992). In *Sumner*, and later in *Basham v. Wilkins*, Ky.App., 851 S.W.2d 491 (1993), this Court held that the circuit court was vested with exclusive jurisdiction over custody issues. Subsequently, the General Assembly expanded the district court's jurisdiction in KRS 406.051(2) to include custody and visitation issues in certain circumstances. 1996 Ky. Acts Chapter 314, Section 1. KRS 406.051(2) now provides that "[t]he District Court may exercise jurisdiction, concurrent with that of the Circuit Court, to determine matters of child custody and visitation in cases where paternity is established as set forth

in this chapter." Elery has failed to recognize the effect of the 1996 amendment. In the case *sub judice*, the record reveals that paternity was established pursuant to KRS Chapter 406. Contrary to Elery's assertion, a district court could have exercised concurrent jurisdiction with that of the circuit court and adjudicated this action.

■ Elery's argument also fails because it focuses on family matters which are not on appeal. As stated earlier, the first part of our analysis requires us to identify the family matters on appeal. Here, Elery appealed the family court order which determined child support arrearages and pregnancy and confinement expenses. These obligations are set forth in the Uniform Act on Paternity. Under the Act, a mother who supports a child born out of wedlock can bring an action to establish paternity. KRS 406.021(1). Once paternity has been established, the mother may then seek, in the same action, to enforce the liabilities of the father. KRS 406.021(3). The liabilities of a father include the reasonable expenses of the mother's pregnancy and confinement and the education and necessary support of the child. KRS 406.011.

The next phase of our analysis requires us to look at traditional subject matter jurisdiction of the circuit court and district court to determine which court would otherwise have jurisdiction over the family matters identified on appeal. The relevant jurisdictional statute for the family matters identified as part of the Uniform Act on Paternity is KRS 406.051. KRS 406.051(1) provides that the district court has jurisdiction of an action brought under KRS Chapter 406 and that an appeal may be had to the circuit court. As for the jurisdiction of circuit court, KRS 406.051(1), read *in pari materia* with KRS 24A.020, also stands for the proposition that the district court has exclusive jurisdiction over such actions.[1]

---

1. KRS 24A.020 provides that "[w]hen jurisdiction over any matter is granted to District

Court by statute, such jurisdiction shall be deemed to be exclusive unless the statute spe-

In conclusion, we have identified the family matters on appeal and determined that all of the matters would otherwise be within the exclusive jurisdiction of the district court. JFRP 109 requires that all appeals from district court matters proceed to circuit court. Elery has improperly appealed the January 16, 1998, order to this Court.

Finally, we must review our analysis in the context of the Jefferson Family Court Project. One of the main impetuses for the family court project, as evidenced by its mission statement in JFRP 102, was to provide a more efficient forum to meet the needs of parties involved in family law disputes. To function properly, it was necessary to grant the family court jurisdiction over matters which would otherwise be found in both circuit court and district court. KRS 23A.110(3). This effectively enhanced the family court's ability to meet the goal of "one judge, one staff, one family." JFRP 102(d). We recognize, through our analysis, that JFRP 108 and 109 have essentially re-introduced the traditional

cifically states that the jurisdiction shall be

jurisdictional framework that often bifurcated family matters on the basis of circuit court and district court jurisdiction. Separating family matters along such lines is not consistent with the function or goals associated with a jurisdictionally integrated family court. However, until the rules of practice provide otherwise, we must continue to apply JFRP 108 and 109 to appeals from Jefferson Family Court.

Based on the foregoing, it is ORDERED that this appeal is DISMISSED.

ALL CONCUR.

ENTERED: October 1, 1999.

/s/JOSEPH R. HUDDLESTON
JUDGE, COURT OF APPEALS

concurrent."