**T.A., A Juvenile, Appellant,**

v.

**Joan BYER, Judge, Jefferson Circuit Court, Appellee.**

**and**

**Commonwealth of Kentucky Real Party in Interest.**

**No. 1999–SC–1024–MR.**

Supreme Court of Kentucky.

March 23, 2000.

Daniel T. Goyette, Jefferson District Public Defender, J. David Niehaus, Deputy Appellate Defender, Office of the Jefferson District Public Defender, Louisville, for Appellant.

Judge Joan Byer, Jefferson Family Court, Louisville, for Appellee.

Steven J. Kriegshaber, Jefferson Assistant County Attorney, Louisville, A.B. Chandler, III, Attorney General, Frankfort, for Real Party in Interest.

1. Jefferson Family Court Rule of Practice.

JOHNSTONE, Justice.

T.A., a juvenile, appeals from an order of the Court of Appeals which dismissed her case for lack of jurisdiction. We affirm.

On September 14, 1999, T.A. appeared before Appellee, Judge Joan Byer, who was sitting in Division One (1) of Jefferson County Family Court. Over T.A.'s objection, the trial judge entered an order requiring T.A. to cooperate in counseling, undergo a drug and alcohol screening, and to schedule a gynecological examination before the next hearing date.

T.A. filed an original action in the Court of Appeals to prohibit Judge Byer from enforcing her order. Additionally, she filed a motion for intermediate relief seeking a one-judge order staying the proceedings in the family court. Judge William L. Knopf conducted a one-judge hearing on October 11, 1999, and he entered an order the next day dismissing the case on grounds that the Court of Appeals did not have jurisdiction to consider the motion for intermediate relief. Specifically, Judge Knopf stated:

> The district court has exclusive jurisdiction over juvenile matters. KRS 610.010(1). In matters involving juvenile status offenses, the family court judge is exercising the jurisdiction of the district court. JFRP[1] 109(A) provides that in any family court matters "over which the District Court would otherwise have jurisdiction, any appeal shall proceed by the Rules of Civil Procedure ... to Circuit Court."

On October 22, 1999, a three-judge panel of the Court of Appeals granted T.A.'s petition to advance. However, in the same order, the panel denied T.A. relief reasoning that, "Petitioner should first seek relief in the circuit court." While not expressly stating so, the panel apparently adopted Judge Knopf's reasoning.

In *Elery v. Martin*, Ky.App., 4 S.W.3d 550 (1999), the Kentucky Court of Appeals

decided a jurisdictional issue very similar to the issue in the case at bar. The *Elery* court held that the question of appellate jurisdiction turned on the subject-matter jurisdiction of the underlying case. *Id.* at 552. The *Elery* court then "identified the family matters on appeal and determined that all of the matters would otherwise be within the exclusive jurisdiction of the district court" and, accordingly, held that the jurisdiction for the appeal lay in circuit court pursuant to JFRP 109. *Id.* at 553. We agree with the reasoning expressed in *Elery* which, standing alone, would require that we affirm the Court of Appeals' order dismissing. However, T.A. raises an issue not addressed in *Elery* which requires further discussion on our part.

On appeal, T.A. cites us to SCR 1.030(3), which provides in pertinent part, "Proceedings in the nature of mandamus or prohibition against a circuit judge shall originate in the Court of Appeals." Because Judge Byer is an elected circuit court judge, T.A. argues that the Court of Appeals has exclusive jurisdiction over her petition for a writ of prohibition. However, T.A. ignores the fact that, pursuant to the Family Court project and Section 110(5)(b) of the Kentucky Constitution, Judge Byer also has been assigned by the Chief Justice to serve as a special district judge. *See Kuprion v. Fitzgerald,* Ky., 888 S.W.2d 679, 682 (1994).

The action at question in this case concerns the offense of being a habitual runaway which is a status offense pursuant to KRS 630.020(1). As such, the action falls exclusively in the jurisdiction of district court. KRS 610.010(1). Judge Byer was acting in her capacity as a special district judge when T.A. appeared before her in the matter in question. SCR 1.040(6) provides in pertinent part, "Proceedings for relief in the nature of mandamus or prohibition against a district judge shall originate in the circuit court." Thus, under the facts of this case, *Elery, supra,* and the applicable Supreme Court Rules are not in conflict.

For the reasons set forth above, the order dismissing by the Court of Appeals is hereby affirmed.

All concur.