Joan THORN, Appellant,

v.

COMMONWEALTH of Kentucky and
Shirley Robinson, Appellees.

No. 2004–CA–001861–MR.

Court of Appeals of Kentucky.

Dec. 16, 2005.

Delbert K. Pruitt, Paducah, KY, for appellant.

No brief for appellees.

Before COMBS, Chief Judge; DYCHE and HENRY, Judges.

*OPINION*

DYCHE, Judge.

On August 28, 2003, the McCracken Family Court removed A.R. from the custody of his maternal great-grandmother, Joan Thorn, based on a finding of neglect. The child was placed into the custody of his paternal grandmother, Shirley Robinson. Thorn appealed that ruling to the McCracken Circuit Court, which reversed the family court, but then vacated its judgment for lack of subject matter jurisdiction.

The sole issue in this case is whether the circuit court properly declined subject matter jurisdiction of the appeal from the family court order. We find that it did and affirm.

Formerly, the determination of whether the appeal of a family court ruling should be taken to the circuit court or the Court of Appeals depended on local rules of practice and a two part analysis that characterized the underlying family court issue as being within either district court or circuit court jurisdiction. *Elery v. Martin,* 4 S.W.3d 550 (Ky.App.1999).

KRS 22A.020(1) was amended in 2003 to read as follows:

> Except as provided in Section 110 of the Constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in Circuit Court, *including a family court division of Circuit Court,* unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to Circuit Court.

(Emphasis added.) Thus, all appeals from family court shall be taken to the Court of Appeals upon the effective date of this amendment, June 24, 2003.

Although admittedly a recent development and a departure from prior procedure, the amendment to KRS 22A.020 was in effect from the outset of this case on August 21, 2003. Therefore, we conclude that the circuit court properly vacated its judgment for lack of jurisdiction.

Thorn also argues that the retention of KRS 620.155 after the amendment of KRS 22A.020 preserves an alternative choice of appeal to either this Court or the circuit court. We disagree.

KRS 620.155 provides in pertinent part:

> Any interested party aggrieved by a proceeding under KRS 610.010(1)(e) including the parent, child, guardian ad litem, the cabinet, and the county attorney may appeal from the juvenile court to the Circuit Court as a matter of right in the manner provided in the Kentucky Rules of Civil Procedure.

This provision is inapplicable to the present case. KRS 620.155 does not provide a choice of forum for appeal. Rather, the statute sets forth the procedure of appeal for a neglect proceeding in a "juvenile court," meaning the juvenile session of district court. KRS 600.020(15); *see also T.A. v. Byer,* 13 S.W.3d 629, 631 (Ky.2000). Family courts are granted primary jurisdiction over the same subject matter as KRS 610.010(1)(e) in KRS 23A.100(2)(c). When two statutes are in seeming conflict, courts are to construe the statutes so as to give meaning to both. *Hopkinsville–Christian County Planning Commission v. Christian County Board of Education,* 903 S.W.2d 531, 532 (Ky.App.1995). To the extent there is a conflict between the appellate procedure set forth in KRS 22A.020 and KRS 620.155, we find that KRS 620.155 is intended for use in counties that do not have a family court. In this case, the underlying action originated in family court, so any appeal should have been taken pursuant to KRS 22A.020.

The order of the McCracken Circuit Court is affirmed.

ALL CONCUR.