

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | No. ED99989 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | Cape Girardeau County |
| | ) | |
| RONALD DUFF d/b/a RON DUFF VIDEO | ) | Honorable William L. Syler |
| PRODUCTIONS and JO DUFF, | ) | |
| | ) | |
| Appellants. | ) | Filed: February 11, 2014 |

## I. INTRODUCTION

Ronald Duff d/b/a Ron Duff Video Productions and Jo Duff (collectively, "Defendants") appeal the judgment of the Circuit Court of Cape Girardeau County in favor of Bank of America, N.A. ("Plaintiff") on its petition arising out of loans made to Defendants. Defendants argue the trial court erred in: (1) granting summary judgment for Plaintiff because the record did not show Plaintiff was entitled to enforce the loan documents; (2) granting summary judgment for Plaintiff because the record contained no evidence of the amounts Defendants owed on each individual loan; and (3) awarding attorneys' fees to Plaintiff because the court had no evidence before it of the nature and extent of the legal services provided to Plaintiff. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The record reveals the following undisputed facts: In April 1998, NationsBank, N.A. loaned money to Ronald Duff d/b/a Ron Duff Video Productions pursuant to a credit line

agreement. Jo Duff signed a guaranty of the obligation in favor of NationsBank, N.A. Also in connection with the obligation, Ronald Duff signed an inventory security agreement and an equipment security agreement in favor of NationsBank, N.A. (we will refer to the credit line agreement, the guaranty, and the security agreements collectively as the "1998 Loan Documents"). All of the 1998 Loan Documents provide that they are enforceable by NationsBank, N.A. and its successors.

In February 2003, Plaintiff Bank of America, N.A. made a separate loan to Ronald and Jo Duff evidenced by a promissory note. The 2003 note and all of the 1998 Loan Documents required Defendants to pay any attorneys' fees the lender incurred in connection with enforcing its rights under the documents.

Plaintiff filed a petition against Defendants for breach of the 1998 Loan Documents and the 2003 promissory note.[1] Plaintiff alleged that it was the owner and holder of all of the loan documents referenced in the petition.

Defendants filed an answer. In response to the allegation that Plaintiff was the owner and holder of the loan documents, Defendants stated: "Defendants are without knowledge or information sufficient to form a belief as to the allegations . . . and therefore deny the same." Defendants did not file a motion challenging Plaintiff's authority to sue with regard to the 1998 Loan Documents executed in favor of NationsBank, N.A.

Plaintiff filed a motion for summary judgment on its petition. In support of the motion, Plaintiff asserted that it was the successor to NationsBank, N.A. because NationsBank, N.A. changed its name to Bank of America, N.A. The trial court granted the motion and entered

---

[1] The trial court's judgment states that Plaintiff voluntarily dismissed a count relating to breach of a September 1997 loan agreement.

judgment in Plaintiff's favor on all counts. The trial court also awarded Plaintiff $9,446.43 for legal fees and costs it incurred in collecting the amounts due under the loan documents.

Defendants filed a "Motion for New Trial, to Set Aside the Judgment, or to Amend the Judgment." Defendants argued that Plaintiff failed to show it was entitled to judgment as a matter of law because it did not: (1) establish that it was the holder of the notes; or (2) present any evidence supporting an award of attorneys' fees. The trial court did not rule on the motion for new trial.[2] Defendants appeal.

### III. STANDARD OF REVIEW

We review the entry of summary judgment de novo. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id.* Thus, "[t]he propriety of summary judgment is purely an issue of law." *Id.* "As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *Id.*

### IV. DISCUSSION

As an initial matter, Plaintiff argues we must dismiss Defendants' appeal because they failed to preserve their arguments for appellate review. Plaintiff asserts that Defendants' only

---

[2] Given the trial court's failure to rule on the motion within ninety days after Defendants filed it, the motion was deemed overruled for all purposes pursuant to Rule 78.06.

3

attempt below to raise the arguments presented on appeal was in their motion for new trial, which Plaintiff claims was untimely.

In a court-tried case,[3] "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review." Rule 78.07(b). However, "[e]ven in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *Heck v. Heck*, 318 S.W.3d 760, 767 (Mo. App. W.D. 2010) (quotation omitted). "With only rare exceptions, an appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration." *Id.* (quotation omitted).

In Defendants' motion for new trial, they argued that Plaintiff failed to show it was entitled to judgment as a matter of law because it did not: (1) establish that it was the holder of the notes; or (2) present any evidence supporting an award of attorneys' fees. Defendants raise these arguments in Points I and III on appeal. In determining whether the motion for new trial was timely filed and Defendants preserved these arguments for our review, we review the record.

"The filing of pleadings and other papers with the court as required by Rules 41 through 101 shall be made by filing them with the clerk of the court . . . ." Rule 43.02(b). "[I]n the administration of the courts, a motion is considered filed when delivered to the proper officer and lodged in his office." *Martin, Malec & Leopold, P.C. v. Denen*, 285 S.W.3d 383, 387 (Mo. App. E.D. 2009). "A file stamp shows that [a document] was filed . . . ." *Nandan v. Drummond*, 5

---

[3] "For purposes of the rules, a summary judgment proceeding is a trial because it results in a judicial examination and determination of the issues between the parties." *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 393 (Mo. banc 1993) (quotation omitted).

S.W.3d 552, 557 (Mo. App. W.D. 1999); *see also Bauer v. Bowes*, 350 S.W.3d 478, 480 n.5 (Mo. App. W.D. 2011).

The parties agree that Defendants' motion for new trial was due on February 4, 2013. Although the docket sheet and Defendants' notice of appeal state the motion was filed on February 5, 2013, the motion is file-stamped February 4, 2013. Since the file stamp shows the motion was filed on the date it was due, we conclude that Defendants' motion for new trial was timely. As a result, Defendants properly preserved their arguments in Points I and III.

However, after reviewing the record on appeal, we find no evidence that Defendants raised in the trial court the argument they now present in Point II. In Point II, Defendants argue the trial court erred in granting summary judgment for Plaintiff because the record contained no evidence of the specific amounts Defendants owed on each individual loan. Because Defendants never presented this issue to the trial court for its consideration, Defendants failed to preserve Point II for appellate review. "Although we may review an unpreserved claim for plain error, we rarely review for plain error in civil cases." *Bowman v. Prinster*, 384 S.W.3d 365, 372 (Mo. App. E.D. 2012) (quotation omitted). Defendants have not requested that we review Point II for plain error, and we decline to do so. Point II is denied.

In their first point on appeal, Defendants assert the trial court erred in granting summary judgment in Plaintiff's favor because the record did not show that Plaintiff was the holder of the 1998 Loan Documents and therefore entitled to enforce them. We disagree.

NationsBank, N.A. was the lender named in all of the 1998 Loan Documents. However, all of the 1998 Loan Documents provide that they are enforceable by NationsBank, N.A. *and its successors*. In support of its motion for summary judgment, Plaintiff asserted that it was the

5

successor to NationsBank, N.A. because NationsBank, N.A. changed its name to Bank of America, N.A.

Defendants' argument that Plaintiff was not entitled to file suit in its own name raises an issue of Plaintiff's capacity to sue. *See Unifund CCR Partners v. Kinnamon*, 384 S.W.3d 703, 709 (Mo. App. W.D. 2012). "Capacity to sue refers to the status of a person or group as an entity that can sue or be sued . . . ." *City of Wellston v. SBC Commc'ns, Inc.*, 203 S.W.3d 189, 193 (Mo. banc 2006) (quotation omitted). "Some courts have referred to a party's capacity to sue as the party's right to have access to the courts, while other courts have referred to a party's capacity to sue as the party's authority to sue." *In Their Representative Capacity as Trustees for Indian Springs Owners v. Greeves*, 277 S.W.3d 793, 797-98 (Mo. App. E.D. 2009).

"[A] claim that a suit should have been filed in the name of a certain entity is waived if it is not raised by pleading or motion in accordance with Rules 55.13 and 55.27(g)(1)(E)." *Cornejo v. Crawford County*, 153 S.W.3d 898, 901 (Mo. App. S.D. 2005). Rule 55.13 provides that when a person wants to raise an issue as to a party's capacity to sue, "the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Rule 55.13. Under Rule 55.27, a defense that the plaintiff does not have legal capacity to sue is waived if it is "[n]either made by motion under this Rule 55.27 nor included in a responsive pleading." Rule 55.27(g)(1)(E).

Here, Plaintiff alleged in its petition that it was the owner and holder of the 1998 Loan Documents. In their answer, Defendants responded to that allegation by stating: "Defendants are without knowledge or information sufficient to form a belief as to the allegations . . . and therefore deny the same." A denial based on insufficient knowledge or information does not constitute the "specific negative averment" required to raise a capacity issue under Rule 55.13.

*Sw. Bell Tel. Co. v. Ahrens Contracting, Inc.*, 366 S.W.3d 602, 608 (Mo. App. E.D. 2012). In addition, Defendants made no motion under Rule 55.27 asserting that Plaintiff lacked capacity to sue with regard to the 1998 Loan Documents. Therefore, Defendants waived the issue. Because Defendants' waiver is dispositive of this point, we need not address their argument that Plaintiff's affidavit in support of summary judgment failed to prove that Plaintiff was entitled to enforce the 1998 Loan Documents. Point I is denied.

In their third point on appeal, Defendants contend the trial court erred in awarding attorneys' fees to Plaintiff because the court had no evidence before it concerning the nature and extent of the legal services provided to Plaintiff. We disagree.

All the loan documents at issue require Defendants to pay any attorneys' fees Plaintiff incurs in connection with enforcing its rights. "Where a party's claim to attorney fees is based upon a contract the court must adhere to the terms of the contract and may not go beyond it." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. banc 2005).

"In the absence of a contrary showing, the trial court is presumed to know the character of the [legal] services rendered in duration, zeal, and ability." *Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 656 (Mo. banc 2009) (quotation omitted). "The trial court presumptively [knows] the value of them according to custom, place, and circumstance." *Id.* (quotation omitted). "The trial court is considered to be an expert on the question of attorney fees; the court that tries a case and is acquainted with all the issues involved may fix the amount of attorneys' fees *without the aid of evidence*." *Id.* (quotation omitted) (emphasis added). "The setting of such a fee is in the sound discretion of the trial court and should not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Id.* at 656-57 (quotation omitted). "In the absence of

evidence to the contrary it is presumed that the allowance for attorney fees was for compensable services and that no allowance was made for noncompensable services." *Id.* at 657 (quotation omitted).

Here, Defendants argue the trial court erred because it had no evidence before it of the amount of attorneys' fees Plaintiff incurred. However, the trial court was acquainted with the case and the issues involved. Therefore, the court was entitled to fix the amount of attorneys' fees. Defendants have offered no evidence that the court's award of fees was improper, arbitrary, or so unreasonable as to indicate indifference and a lack of proper judicial consideration. Accordingly, the trial court did not err in awarding attorneys' fees of $9,446.43 to Plaintiff.

Defendants argue that Plaintiff was required to show the extent of necessary services by counsel and the expense of those services. To support this argument, Defendants rely on *Hihn v. Hihn*, 237 S.W.3d 607 (Mo. App. E.D. 2007). *Hihn* is inapposite because it concerned an award of attorneys' fees pursuant to section 452.355, which governs attorneys' fees in dissolution proceedings. 237 S.W.3d at 609. The instant case is not a dissolution case, and the parties' agreements govern the award of attorneys' fees. Point III is denied.

## V. CONCLUSION

The judgment of the trial court is affirmed.

_____
Angela Quigless, Judge

Mary K. Hoff, P.J., and
Kurt S. Odenwald, J., Concurs.

8