

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| MALLARD POINTE LOT OWNERS ASSOCIATION, INC., | ) ) ) | No. ED111564 |
| Respondent, | ) ) | Appeal from the Circuit Court of Lincoln County |
| v. | ) ) | Cause No. 21L6-CC00096 |
| | ) | |
| THOMAS FLYNN & WILMA HART-FLYNN, | ) ) | Honorable Patrick S. Flynn |
| | ) | |
| Appellant. | ) | Filed: December 5, 2023 |

**Introduction**

Appellants Thomas Flynn and Wilma Hart-Flynn (Appellants) appeal the trial court's grant of summary judgment in favor of Mallard Pointe Lot Owners Association, Inc. (Respondent) on Respondent's petition for breach of its subdivision restrictive covenant, seeking injunctive relief and damages. In their five points on appeal, Appellants argue summary judgment was improperly granted because the restrictive covenant was ambiguous in its requirements and Respondent unreasonably denied Appellants a building permit. Appellants also argue that the trial court erred because Respondent failed to follow the procedures outlined in the restrictive covenant for giving proper notice of the hearing to address a violation, and because the covenant contained an unenforceable penalty clause. Because we agree that Respondent

failed to give proper notice under the rules of the restrictive covenant, the judgment of the trial court is reversed.

## Background

In March 2021, Appellants sought approval of a construction permit through their homeowner's association, Respondent, for plans to build a fence on their property. Appellants reside on a lot located within Mallard Pointe Subdivision in Lincoln County, Missouri, and, as such, are subject to a restrictive covenant entitled Second Amendment to Declarations of Restrictions, Easements, Liens, and Covenants for Mallard Pointe, Lincoln County, Missouri (Declarations).

On March 29, 2021, Appellants submitted construction plans and specifications to the Architectural Review Committee (ARC) for Mallard Pointe Lot Owner's Associations for a proposed fence on their property. On March 30, 2021, M.C., a member of the ARC, sent Appellants correspondence notifying them that their plans and specifications had been approved by the ARC. However, the correspondence directed Appellants to submit their signed "builder's checklist," a document acknowledging compliance with Respondent's construction regulations, and a construction deposit of $500 prior to beginning any work on the fence.

On April 1, 2021, the parties corresponded via e-mail, where M.C. reiterated the requirement of the signed builder's checklist and construction deposit. M.C. confirmed to Appellants that the deposit would be held in an escrow account until completion of the project, at which time the money would be returned to Appellants, minus any amounts due for damages to the subdivision common areas caused by the project. Appellants did not submit the required builder's checklist or construction deposit prior to beginning installation of the fence.

2

On June 10, 2021, Respondent sent Appellants a "courtesy notice" informing them that they were in violation of Sections 8.3, 8.4, and 8.4.1 of the Declarations, which govern the construction permit application for lot owners. Specifically, the notice stated, "[a] Builder's Checklist must be submitted along with a ($500.00) deposit, before any installation of a fence on your lot begins." The notice advised Appellants of their options, including remedying the violation or requesting a hearing in front of the Board of Directors to discuss or refute the violation.

Appellants subsequently received notice of a hearing set for June 28, 2021 to discuss the violation. The notice once again informed Appellants that they could remedy the violation by submitting the signed builder's checklist and $500 deposit.

On July 7, 2021, Respondent sent the hearing results to Appellants informing them that the Board had considered their rebuttal, but that Appellants were still found to be in violation of the Declarations. Accordingly, the notice informed Appellants that they must submit the builder's checklist and deposit before resuming installation of the fence, and that a $25 per day fine was being imposed from the day of the hearing until the violation was remedied, as permitted under section 5.3.2.2 of the Declarations.

On January 14, 2022, Respondent filed an Amended Petition for Breach of Subdivision Indentures and Restrictions, praying for injunctive relief and daily fines until the judgment for the injunctive relief was satisfied. On April 13, 2022, Appellants filed a Motion for Summary Judgment. On June 8, 2022, Respondent filed a Motion for Summary Judgment.

On May 1, 2023, the trial court entered its Findings of Facts and Conclusions of Law, finding in favor of Respondent on their motion for summary judgment and against Appellants. This appeal follows.

**Standard of Review**

We review a grant of summary judgment *de novo. Brockington v. New Horizons Enterps., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022). In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is proper only if the moving party establishes there is no genuine issue as to the material facts, and the movant is entitled to judgment as a matter of law. *Id.* The record is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. *Id.*

A genuine issue that will prevent summary judgment exists where the record shows two plausible, but contradictory, accounts of the essential facts, and the genuine issue is real, not merely argumentative, imaginary, or frivolous. *Id.* at 382. "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* at 376. The moving party bears "the burden of establishing a legal right to judgment and the absence of any genuine issue of material fact required to support that right to judgment." *Id.* at 378. "A trial court can abuse its discretion through the inaccurate resolution of factual issues or through the application of incorrect legal principles." *State v. Taylor*, 298 S.W.3d 482, 492 (Mo. banc 2009).

**Discussion**

In the case at bar, the parties do not dispute the material facts. Appellants raise five points on appeal. In their first two points they argue the trial court erred in granting summary judgment in favor of Respondent because the Declarations did not clearly require the submission of a $500 deposit and a signed Builder's Checklist for the construction of a fence. In their third point,

4

Appellants argue that the trial court further erred because it was unreasonable for the ARC to disapprove of the fence. In their fourth point on appeal, Appellants argue that the trial court erred in finding that Respondent could levy a daily fine of $25 against Appellants for noncompliance with the Declarations because Respondent failed to give 20 days' advance written notice that a hearing would be held, as required by the Declarations. In their fifth and final point, Appellants argue that the court further erred in imposing the fine because it constitutes an unenforceable penalty clause. Because Point IV is dispositive, we address only that point.

*Point IV: Failure to Give 20 Days' Notice of Hearing*

In Point IV, Appellants argue that Respondent is barred from levying a fine of $25 per day against them because Respondent failed to satisfy the condition precedent set within the Declarations to provide at least 20 days advance written notice of a hearing to determine if a violation of the Declarations exists and the application of a fine. In response, Respondent argues that Appellants' failure to properly raise this claim before the trial court constitutes a waiver of the issue. Specifically, Respondent argues that this claim constitutes an affirmative defense which Appellants failed to raise in their pleadings or in their response to Respondent's motion for summary judgment. As such, Respondent argues that, because the defense was improperly plead and is being raised for the first time on appeal, it is waived.

The law generally favors the free and untrammeled use of real property. *Country Club Dist. Homes Ass'n v. Country Club Christian Church*, 118 S.W.3d 185, 189 (Mo. App. W.D. 2003) (internal quotes and citation omitted); *Proetz v. Cent. Dist. of Christian & Missionary All.*, 191 S.W.2d 273, 277 (Mo. App. 1945). But the right of one property owner to the protection of a restrictive covenant is a property right just as inviolable as is the right of others to the free use of

5

their property when unrestricted. *Marose v. Deves*, 697 S.W.2d 279, 289 (Mo. App. S.D. 1985); *Proetz*, 191 S.W.2d at 277.

Restrictive covenants are private contractual obligations generally governed by the same rules of construction applicable to any covenant or contract. *Woodglen Ests. Ass'n v. Dulaney*, 359 S.W.3d 508, 513 (Mo. App. W.D. 2012). Because restrictive covenants are not favorites of the law, when interpreting such, courts must give effect to the intent of the parties as expressed in the plain language of the covenant. *Blevins v. Barry–Lawrence County Ass'n for Retarded Citizens*, 707 S.W.2d 407, 408 (Mo. banc 1986). "This principle, however, should never be applied in a manner that would defeat the plain and obvious purpose and intent of the restriction." *Id.* If a covenant is not ambiguous, it is not open to judicial construction. *Lake at Twelve Oaks Home Ass'n, Inc. v. Hausman*, 488 S.W.3d 190, 198 (Mo. App. W.D. 2016). Valid restrictive covenants cannot be disregarded. *Id.*

Section 5.3.2.2 of the Declarations, a subsection of article V governing all assessments and liens upon or against lots within Mallard Pointe, states,

> The Board may by resolution levy a fine of up to Twenty-five ($25.00) per day upon any Lot for the continuing violation of the Declarations or the Rules and Regulations by the Lot Owner's tenant or occupant. Such fine shall only be imposed after the Board has given the Owner ***at least twenty (20) days written notice that a hearing will be held*** to determine the existence of any violation and only after the Board determines at such hearing that a violation exists. Any unpaid fines shall constitute a lien against the Lot. (Emphasis added).

Appellants received a "courtesy notice" on June 10, 2021, informing them of a possible violation and offering the option for Appellants to request a hearing before the Board to discuss or refute the violation. Appellants subsequently received a notice of hearing to be held on June 28, 2021, to determine if a violation existed and to address any "penalties associated with the continued violation." It is unclear exactly when this notice was sent to Appellants, but

6

Respondent does not deny that it was sometime after the courtesy notice was sent and thus less than 20 days before the date the hearing was scheduled. The hearing was held as planned on June 28, 2021. On July 7, Appellants received the hearing results, notifying them that they were in violation of the Declarations and imposing the $25 daily fine effective from the date of the hearing.

The record here shows, in contradiction to Respondent's claim that this issue is being raised to the first time on appeal, that Appellants raised the issue of improper notice before the trial court several times during the pendency of the litigation. First, in their motion for summary judgment, Appellants argued that Respondent had failed to provide Appellants with the required 20 days written notice mandated in the Declarations, and, thus, any such fine entered as a result of the hearing was improper. Next, Appellants addressed improper notice and the imposition of the fine in their reply in support of their motion for summary judgment, this time arguing that Respondent's failure to address the claim for the $25 fine in their response motion or motion for summary judgment essentially abandoned the claim, and also arguing that the fine was an unenforceable penalty clause. Finally, Appellants raised the issue of notice during the hearing on the cross motions for summary judgment on January 10, 2023, arguing that the fines were impermissible on account of Respondent's failure to follow notice procedures set by the Declarations, but the trial court dismissed the argument outright. Appellants also raised the issue in their oral motion to amend the judgment during the same motion hearing, which the trial court denied.

Rule 78.07 governs preservation of error through an after-trial motion, specifying which allegations of error must be raised in a motion for new trial or motion to amend in order to properly preserve them for appellate review. In a court-tried case, "neither a motion for a new

7

trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review." Rule 78.07(b). However, "[e]ven in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *Bank of Am., N.A. v. Duff*, 422 S.W.3d 515, 518 (Mo. App. E.D. 2014) (emphasis added). For purposes of Rule 78.07, a summary judgment proceeding is a "trial" because it results in a judicial examination and determination of the issues between the parties. *Id*. Therefore, as Appellants properly brought their claim in Points IV to the trial court's attention during the summary judgment proceedings as discussed above, the issue is preserved for appellate review.

Nevertheless, Respondent argues that the issue of insufficient notice is waived on appeal because it constitutes an affirmative defense that was not properly pleaded in Appellants' answer to Respondent's petition. "An affirmative defense seeks to defeat or avoid a plaintiff's cause of action, and alleges that even if plaintiff's petition is true, plaintiff cannot prevail because there are **additional facts** that permit the defendant to avoid legal responsibility." *Templeton v. Cambiano*, 558 S.W.3d 101, 104 (Mo. App. W.D. 2018) (emphasis added) (internal quotation omitted). Since an affirmative defense, by definition, includes a new matter or additional facts, Rule 55.08 requires such a defense to be pleaded in order to give notice to the plaintiff. *World Enters., Inc. v. Midcoast Aviation Servs., Inc.*, 713 S.W.2d 606, 609 (Mo. App. E.D. 1986); *Schimmel Fur Co. v. Am. Indem. Co.,* 440 S.W.2d 932, 939 (Mo. banc 1969). The term "additional facts" contemplates a new matter, *i.e.,* acts, transactions, or occurrences which do not form part of the original contract or transaction, but those which have arisen since the plaintiff's cause of action came into existence. *Id.* (citing *Nall v. Brennan,* 23 S.W.2d 1053, 1056 (Mo. banc 1929)). In the case at bar, the facts pertaining to Appellants' insufficient notice claim, such

as the date of the courtesy notice, the subsequent notice of the hearing, and the date of the hearing, were included by Respondent in their own amended petition, as they related to their claim of damages in the form of the $25 daily fine. Thus, such facts do not constitute a new fact, act, transaction, or occurrence outside the scope of the facts pleaded by Respondent and of which Respondent already had sufficient notice.

Respondent additionally raised for the first time during oral argument the proposition that Appellants' failure to object to the lack of proper notice at the time of the violation hearing on June 28, 2021, constituted waiver of the claim in subsequent litigation. However, this argument was not raised in their brief, where they addressed only the doctrine of waiver as it related to Appellants' failure to raise improper notice as an affirmative defense in their pleadings. An appellate court will not consider arguments not raised in a party's brief. *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 703 (Mo. banc 2020); Rule 84.13(a).

As Appellants' claim was not waived, we may now address the merits. Our analysis of waiver is essentially the same analysis Respondent asked us to apply in Points I, II, and III to find that Appellants are liable for failing to strictly comply with the procedural rules outlined in the Declarations for obtaining a construction permit. Respondent has likewise failed to adhere to the procedural requirements of the covenant stipulated in section 5.3.2.2 for imposition of a daily $25 fine for violation of the terms of the covenant when they provided less than 20 days written notice of the hearing. This requirement is not ambiguous and such valid restrictive covenants may not be disregarded by the courts. *Lake at Twelve Oaks Home Ass'n, Inc.*, 488 S.W.3d at 196. As such, the trial court erred in granting summary judgment in favor of Respondent because Respondent failed to adhere to the proper procedures required to hold a hearing to determine a restrictive covenant violation and impose the $25 daily fine. Point IV is granted.

"When disposing of a case on appeal, Rule 84.14 requires this Court to 'give such judgment as the [trial] court ought to give' and 'dispose finally of the case,' unless 'justice otherwise requires.'" *John Patty, D.O., LLC v. Missouri Pros. Mut. Physicians Pro. Indem. Ass'n*, 572 S.W.3d 581, 594 (Mo. App. E.D. 2019) (quoting *Mathes v. Nolan*, 904 S.W.2d 353, 355 (Mo. App. E.D. 1995)). Here, as Appellants are entitled to judgment as a matter of law, Rule 84.14 requires us to enter judgment in Appellants' favor, without remanding the case to the trial court. Justice does not require us to remand the case for further proceedings because no purpose would be served by additional proceedings, as the material facts are not in dispute. Accordingly, it is proper to enter judgment in favor of Appellants, pursuant to Rule 84.14.

## Conclusion

For the foregoing reasons, the judgment of the trial court granting Respondent's motion for summary judgment and denying Appellants' motion for summary judgment is reversed, and judgment is hereby entered in favor of Appellants, pursuant to Rule 84.14.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.